The document below is hereby signed.

Signed: August 12, 2016



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LORRAINE DEBRA RILEY, | ) | Case No. 16-00263 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND
ORDER RE MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This supplements the court's oral decision of August 11, 2016, regarding the motion of Capitol Park II Condominium Association, Inc. for relief from the automatic stay (Dkt. No. 39), and includes an order disposing of the motion on an interim basis.

The debtor filed the petition commencing this case on May 25, 2016.  Under D.C. Code § 42-1903.13(a), as of the petition date, the Association had an enforceable lien for $31,777.47 of unpaid assessments, and related charges (including attorney's fees), the major portion of which were reduced to judgment in the Superior Court of the District of Columbia.  A nonjudicial foreclosure sale to enforce that lien was set for May 26, 2016. Since the commencement of this case on May 25, 2016, the

automatic stay has barred enforcement of the lien.  The Association seeks relief from the automatic stay for cause.

>Under D.C. Code § 42-1903.13(e):
>
>The lien for assessments provided herein shall lapse and be of no further effect as to unpaid assessments (or installments thereof) together with interest accrued thereon and late charges, if any, if such lien is not discharged or if foreclosure or other proceedings to enforce the lien have not been instituted within 3 years from the date such assessment (or any installment thereof) become due and payable.

This amounts to a three-year statute of limitations to enforce the lien for an assessment.  Once an assessment becomes more than three years old, it is too late to institute a proceeding to enforce the lien securing payment of that assessment.

>Under 11 U.S.C. § 108(c):
>
>Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of–
>
>>(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
>>(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

Section 108(c) does not apply to the commencement of a

nonjudicial foreclosure sale, as it only applies to "commencing or continuing a civil action in a court." Accordingly, if a new nonjudicial foreclosure proceeding were instituted, § 108(c) would not have suspended the operation of D.C. Code § 42-1903.13(e).

As of the petition date, § 108(c) would have suspended the operation of D.C. Code § 42-1903.13(e) with respect to the filing of an action to enforce the lien.[1] However, a judicial foreclosure action would entail substantial attorney's fees in comparison to a nonjudicial foreclosure sale.

Accordingly, a delay in permitting a nonjudicial foreclosure sale to proceed could harm the Association if the Association will be able to pursue a nonjudicial foreclosure sale only by instituting a new foreclosure proceeding. The provisions of D.C. Code § 42-1903.13(c)(4) and (5) regarding the date of a nonjudicial foreclosure sale and the advertising of the sale are entirely unclear whether, if a duly noticed sale cannot be held on the scheduled date due to some event (such as inclement weather, or a restraining order, or the automatic stay of a bankruptcy case), the date of the sale could be continued without

---

[1] Section 108(c) would not operate to make enforceable the lien for any assessments that were enforceable as of the issuance of the notice of foreclosure on March 31, 2016, but that became more than three years old by reason of the passage of 55 days between March 31, 2016 (the date of the issuance of the notice of foreclosure) and May 25, 2016 (the date of the commencement of the bankruptcy case).

3

the necessity of issuing a new notice of foreclosure sale instituting a new foreclosure proceeding to enforce the lien. The Association fears that it will be unable to enforce its lien via a nonjudicial foreclosure sale as to assessments that have become more than three years old when the automatic stay terminates in this case under 11 U.S.C. § 362(c). Without a lifting of the automatic stay pursuant to 11 U.S.C. § 362(d)(1), the lien that was enforceable as of the petition date will not be adequately protected. The Association points to the debtor's failure, thus far, to propose a confirmable plan, and the prospect that if this case drags on without the stay being lifted, the Association will lose the right to enforce its right to collect amounts accrued more than three years ago at the point the stay terminates. This amounts to an ongoing lack of adequate protection.

As of the petition date, the lien was enforceable as to all amounts set forth in the Association's proof of claim. Claims are allowed as of the petition date. 11 U.S.C. § 502(b). It is thus appropriate to require that the lien (in the amount enforceable as of the petition date) remains adequately protected pending confirmation of a plan, and under the terms of a plan.

The ongoing lack of adequate protection of the Association's lien rights constitutes cause to lift the stay unless the debtor consents to entry of an order providing that any new foreclosure

4

proceeding (instituted via the issuance of a notice of foreclosure within 30 days after the automatic stay terminates or is lifted in this case to permit the resumption of foreclosure efforts by the Association) shall constitute a continuation of the proceeding commenced by the notice of foreclosure issued on March 31, 2016, with the Association's lien to be enforceable as to all assessments that were no more than three years old as of the issuance of that notice of foreclosure on March 31, 2016.

    The debtor has engaged in bad faith by failing to file a confirmable plan.  This is an additional ground for granting the relief set forth in this order.  The current proposed plan (the amended plan filed on June 20, 2016) calls for monthly payments of $50, an amount that is obviously inadequate to pay the Association's allowed secured claim.  And it appears that the debtor has, and will have, inadequate net disposable income to pay off the Association's lien, with interest after the effective date of the plan as required by 11 U.S.C. § 1325(a)(5)(B)(ii). The ability to obtain confirmation of a plan calling for the Association's lien to be paid via periodic payments is further doubtful because the debtor's mortgagee, Nationstar Mortgage, asserts that its lien remains unsatisfied, and the plan calls for

payment of that claim as well, if the claim in fact exists.[2]

Nevertheless, the debtor has substantial equity in her real property, well in excess of the amount of the liens on the property. It would be unfortunate, from the debtor's perspective, for the property to be sold at a foreclosure sale that might fetch substantially less than the debtor could achieve by selling the property herself. To the extent that the debtor has disposable income from which to make plan payments, she might propose a plan requiring her to make plan payments from her disposable income pending making a sale of the property within a reasonable period of time, with the proceeds of the sale to be the ultimate source for satisfying the Association's lien.[3]

The debtor failed to appear at the July 15, 2016 confirmation hearing on her current proposed plan and the court, on that basis, denied confirmation of the plan. The trustee then

---

[2] The debtor asserts that she paid off Nationstar. Nationstar acknowledges that the debtor tendered a payment via Western Union Speedpay, and that Nationstar issued Riley a notice that its claim was paid in full. However, Nationstar maintains that while attempting to process Riley's tendered payment, Nationstar discovered that the account number provided by Riley through Western Union Speedpay was invalid. The debtor has not testified that she actually provided funds for a Western Union Speedpay payment, and has not testified regarding any effort to trace the funds if such funds were actually submitted to Western Union Speedpay. Instead, she relies upon Nationstar's erroneous notice that the debt had been paid in full. If the debtor never supplied funds to Western Union Speedpay to pay off the Nationstar claim, that would be evidence of bad faith.

[3] The court does not opine at this time whether such a plan would be confirmable.

moved to dismiss the case based upon denial of confirmation.  The debtor has moved to vacate the order denying confirmation of her current plan (on the basis that she did not understand that a confirmation hearing was being held), and implicitly has opposed the trustee's motion to dismiss.  The court will set the debtor's motion to vacate the order denying confirmation of her current plan for hearing on the same date, August 19, 2016, at 9:30 a.m., as the hearing on the motion to dismiss.  The debtor has not filed an amended proposed plan that might be confirmable, and if she fails to do so by the hearing of August 19, 2016, that may be grounds for granting the motion to dismiss and additional grounds for lifting the automatic stay.

It is thus

ORDERED that the hearing on the motion for relief from the automatic stay is continued to August 19, 2016, at 9:30 a.m.  It is further

ORDERED that by the hearing of August 19, 2016, to avoid the court's entering an order lifting the automatic stay, the debtor shall file a consent to entry of an order providing that any new foreclosure proceeding by the Association (instituted via the issuance of a notice of foreclosure within 30 days after the automatic stay terminates or is lifted in this case to permit the resumption of foreclosure efforts by the Association) shall constitute a continuation of the proceeding commenced by the

notice of foreclosure issued on March 31, 2016, with the Association's lien to be enforceable as to all assessments that were no more than three years old as of the issuance of that notice of foreclosure on March 31, 2016.  It is further

ORDERED that if the debtor fails timely to file a consent in accordance with the foregoing, the court will enter an order granting relief from the automatic stay to permit the Association to take steps to enforce its lien for unpaid assessments.  It is further

ORDERED that, to facilitate the debtor's execution of the required consent, the Association shall promptly file a notice attaching (1) an appropriate consent form for the debtor to execute, and (2) a proposed order to be entered if such a consent is executed, and shall promptly serve the notice on the debtor. It is further

ORDERED that the debtor is warned that failure to file by the hearing of August 19, 2016, a proposed amended plan that has a reasonable prospect of being confirmed, may result in dismissal of her case or be grounds for granting the Association relief from the automatic stay.

[Signed and dated above.]

Copies to: All attorneys who have entered an appearance in the bankruptcy case and who are registered e-filers; Debtor (via hand mailing).