The order below is hereby signed.

Signed: August 24 2016



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

**In re:**                          *

**LORRAINE DEBRA RILEY**            *
   Debtor              *

\* \* \* \* \*   \*   \* \* \* \* \*

**CAPITOL PARK II CONDOMINIUM**     Case No:  16-00263
**ASSOCIATION, INC.**                (Chapter 13)
                            *

   Movant,              
         *

   v.

         *

**LORRAINE DEBRA RILEY**

 and

**CYNTHIA A. NIKLAS, Chapter 13**   *
**Trustee,**

   Respondents.

\* \* \* \* \* \* \* \* \* \* \* \*

**CONSENT ORDER RESOLVING**
**<u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>**
**(301 I Street SW, Unit 108 Washington, DC 20024)**

UPON CONSIDERATION of the Motion For Relief from the Automatic Stay filed by the Capitol Park II Condominium Association, Inc., (the "Association") and upon the consent of Lorraine Debra Riley ("Debtor"), whose consent to this Order is filed as the Debtor's Stipulations and Consent to Court Order, which state:

1. The Debtor is the record owner of the property located at 301 I Street SW, Unit 108 Washington, DC 20024 (the "Property"), which is a part of the Capitol Park II Condominium Association, Inc. (the "Association")

2. The Association initiated a foreclosure action against the Property under the provisions of the District of Columbia Condominium Act §42-1903.13 by issuing a "Notice of Foreclosure Sale of Condominium Unit for Assessments Due" on March 31, 2016 (the "Foreclosure Notice"), recorded in the District of Columbia Recorder of Deeds as Document Number 2016031691.  The outstanding balance owed on the Property subject to this foreclosure action was the balance of the Association's lien as contemplated by District of Columbia Condominium Act §42-1903.13, which created an automatic and statutory lien on the Property dating back three years from the issuance and recordation of the Foreclosure Notice.  Therefore, the date on which the Association's lien in the above referenced foreclosure action began, was March 31, 2013.

3. The Debtor hereby consents to the entry of an Order by this Court stating that if and when the automatic stay in the above captioned Chapter 13 Bankruptcy Case is terminated or is lifted by Order of this Court, that any foreclosure action against the Property initiated by the Association through the issuance of a Notice of Foreclosure, within 30 days of the termination of the stay or Order of the Court lifting the automatic stay, shall constitute a continuation of the foreclosure proceeding commenced by the Foreclosure Notice issued on March 31, 2016,

described in Paragraph 2 of this document, and that the Association's lien in this continued foreclosure action shall be enforceable as to all lien amounts that were no more than three years old as of the issuance of Foreclosure Notice issued on March 31, 2016.

It is by the United States Bankruptcy Court for the District of Columbia

ORDERED that, if the automatic stay is terminated or if this Court enters an order lifting the automatic stay in this case, that any foreclosure action against the Debtor's Property located at 301 I Street SW, Unit 108 Washington, DC 20024, initiated by the Association through the issuance of a Notice of Foreclosure, within 30 days of the termination of the stay or order of this Court lifting the automatic stay, shall constitute a continuation of the foreclosure proceeding commenced by the Foreclosure Notice issued on March 31, 2016, and that the Association's lien in this continued foreclosure action shall be enforceable as to all lien amounts that were no more than three years old as of the issuance of Foreclosure Notice of March 31, 2016.

**END OF ORDER**

cc: All attorneys who have entered an appearance and who are registered e-filers and the Debtor.