The document below is hereby signed.

Signed: February 20, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LORRAINE DEBRA RILEY, | ) | Case No. 16-00263 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE CAPITOL PARK II
CONDOMINIUM ASSOCIATION, INC.'S MOTION FOR SUMMARY JUDGMENT

Capitol Park II Condominium Association, Inc. seeks summary judgment adjudicating the amount of the Association's secured claim against proceeds of a sale of the debtor's condominium unit.  On October 31, 2018, the court authorized the debtor to sell her condominium unit free and clear of the Association's lien, with the Association's lien attaching to the proceeds of the sale.  On November 20, 2018, the debtor sold the condominium unit and the Association's lien attached to the proceeds of the sale.  The debtor raised a single argument in opposition to the Association's motion for summary judgment, contending that the Association's claim is unsecured.  She argues that the Association's lien was extinguished pursuant to D.C. Code § 42-1903.13(h), which in relevant part provides:

> Any unit owner or purchaser of a condominium unit shall be entitled upon request to a recordable statement setting forth the amount of unpaid assessments currently levied against that unit. Such request shall be in writing, directed to the principal officer of the unit owners' association or to such other officer as the condominium instruments may specify. Failure to furnish or make available such a statement within 10 days from the receipt of such request shall extinguish the lien created by subsection (a) of this section as to the condominium unit involved. Such statement shall be binding on the unit owners' association, the executive board, and every unit owner.

However, the debtor's counsel conceded at the hearing of February 20, 2018, that the Association had until November 20, 2017, to furnish a statement to the debtor under the statute if her request that the Association received on November 10, 2017, qualified as a request under § 42-1903.13(h). However, before the end of November 20, 2017, the property had been sold, the lien had attached to the sale proceeds, and the lien was no longer attached to the condominium unit. The Association no longer held a lien on the condominium unit for which a recordable statement could issue, and there was no lien on the condominium unit that could be extinguished pursuant to a failure to issue a recordable statement under § 42-1903.13(h).

   The apparent purpose of D.C. Code 42-1903.13(h) is to allow the owner of a condominium unit to ascertain the amount of the unpaid assessments secured by the lien, and to bind the Association to the amount the condominium association states is unpaid. That amount ordinarily would have to be paid incident to

any sale, and D.C. Code § 42-1904.11 contemplates that when the owner has entered into a contract to sell the property, the owner is to obtain such a statement (albeit it does not have to be a recordable statement) and then furnish the statement to the contract purchaser.  Here, however, the purchaser had no need for such a statement: the property was being sold free and clear of the Association's lien, and the purchaser bought the property without insisting on receiving such a statement.

An order follows granting the Association's motion for summary judgment.

[Signed and dated above.]

Copies to: All attorneys who have entered an appearance in the bankruptcy case and who are registered e-filers.