The document below is hereby signed.

Signed: March 5, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LORRAINE DEBRA RILEY, | ) | Case No. 16-00263 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION
DETERMINING THAT CAPITOL PARK II CONDOMINIUM
ASSOCIATION, INC. RETAINED A LIEN ON THE ALTERNATIVE BASIS
THAT ITS LIEN WAS NOT NULLIFIED BY D.C. CODE § 42-1903.13(h)
EVEN IF THE SALE OF THE DEBTOR'S PROPERTY DID NOT TERMINATE THE
OBLIGATION TO PROVIDE A STATEMENT UNDER THAT STATUTORY PROVISION

Capitol Park II Condominium Association, Inc. ("Association") has asserted a lien against the proceeds of a sale of the debtor's condominium unit. I previously granted the Association's motion for summary judgment, ruling that Capitol Park II Condominium Association, Inc. retained a lien upon proceeds of a sale of the debtor's property on the basis that a sale of the debtor's real property occurred before the deadline ended on November 20, 2017, for the Association to provide a statement under D.C. Code § 42-1903.13(h), and that after the sale occurred that statutory obligation no longer applied. I accordingly issued an order enforcing the Association's lien

against the proceeds of the sale.

I reserved for later determination whether entry of such an order enforcing the lien against the proceeds of the sale was also supported on the alternative basis that the Association had complied with D.C. Code § 42-1903.13(h) even if a sale had not terminated the necessity of compliance with that statute. I heard evidence and arguments of counsel at hearings of February 28, 2018, and March 2, 2018. I make the following findings of fact and conclusions of law regarding this issue.

On November 20, 2017, an agent of the Association caused a statement complying with D.C. Code § 42-1903.13(h) to be either picked up by the United States Postal Service or deposited in the mail, for transmittal to the debtor by both an envelope marked for delivery via certified mail and an envelope sent via regular mail. The envelopes were deposited in the agent's office's receptionist's box before the end of the office day. The envelopes had the necessary postage affixed via use of a private postal meter, and the envelopes bore a private postal meter mark of November 20, 2017. The regular practice consistently observed by the office is that such envelopes are handed to a United States Postal Service employee when that employee picks up mail from the receptionist, or, if the Postal Service employee had already made the employee's last pickup for the day, the receptionist takes the envelopes to the Post Office at Shady

Grove, Maryland and deposits the envelopes in the mail. This evidence of the common business practice of the agent's office sufficed to establish that the statement was mailed, by both certified and regular mail, on November 20, 2017. *General Elec. Co. v. Brown Transport Corp.*, 597 F. Supp. 1258, 1261 (E.D. Va. 1984) ("It is commonly recognized that evidence of a common business practice is sufficient to establish that a letter was mailed."). Either a Postal Service employee picked up the envelopes at the agent's office on November 20, 2017, or the envelopes were dropped in the mail on November 20, 2017.

It is possible that the envelopes were only dropped in the mail on November 20, 2017, not picked up by a Postal Service employee at the agent's office on that date. The United States Postal Service may not have retrieved the envelopes from the mail box until the next day, November 21, 2017. The debtor relies on decisions like *Wright-Taylor v. Howard Univ. Hosp.*, 974 A.2d 210 (D.C. 2009), in arguing that the date of retrieval from the mail box controls because a mark from a private postal meter cannot establish when a document was mailed. However, *Wright-Taylor* involved an administrative agency's regulation, regarding timely pursuit of an appeal, which expressly provided that "a document filed . . . shall relate back for purposes of timeliness, if its envelope bears a United States Postal Service post mark, rather than a mark from a private postal meter." In contrast, D.C. Code

3

§ 42-1903.13(h) contains no requirement that timely transmittal can only be proven via a United States Postal Service post mark. Nothing in the statute prohibits proving the date of mailing other than by post marks.

The debtor does not dispute that mailing the statement on November 20, 2017, would have been timely transmittal of the statement required by D.C. Code § 42-1903.13(h). She argues, however, that mailing of a document deposited in a mail box is not accomplished until the United States Postal Service retrieves the document from the mail box. In pertinent part, D.C. Code § 42-1903.13(h) provides that "[f]ailure to furnish or make available such a statement within 10 days from the receipt of such request shall extinguish the lien created by subsection (a) of this section as to the condominium unit involved." The act of furnishing or making such a statement available is accomplished upon mailing the statement to the owner, and mailing ought to be treated as occurring when the statement is deposited in a United States Postal Service mail box, as in the case of service of documents under Fed. R. Civ. P. 5(b)(2)(C). *See United States v. Kennedy*, 133 F.3d 53, 59 (D.C. Cir. 1998) ("'Service is deemed complete at the instant the documents are placed into the hands of the United States Post Office or a Post Office Box.'" (quoting 1 James Wm. Moore, *et al.*, Moore's Federal Practice § 5.04[2][a][ii], at 5-28 (3d ed. 1997)). *See also Theede v.*

*United States Dep't of Labor*, 172 F.3d 1262, 1266 (10th Cir. 1999); *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 315 (2d Cir. 1998).

The debtor also argues that she had filed a notice in the bankruptcy case of a change of address. However, such a notice controls only the debtor's address for purposes of service of papers within the bankruptcy case. *See* Fed. R. Bankr. P. 7004(b)(9). The Association was not required to review notices in the bankruptcy case to ascertain whether, for purposes of service of a statement under D.C. Code § 42-1903.13(h), a statement not served within the bankruptcy case, the debtor had changed her address.

I conclude on these alternative grounds that Capitol Park II Condominium Association, Inc.'s lien was not nullified under D.C. Code § 42-1903.13(h), and that it attached to the proceeds of the sale of the debtor's condominium unit.

[Signed and dated above.]

Copies to: All attorneys who have entered an appearance in the bankruptcy case and who are registered e-filers.